UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

TOWN CENTER FLATS, LLC,

        Debtor.
_____/

Bankr. No. 15-41307
Chapter 11
HON. WALTER SHAPERO

ECP COMMERCIAL II LLC,

        Appellant,
vs.

TOWN CENTER FLATS, LLC,

        Appellee.
_____/

Civil Action No. 15-cv-11881

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER VACATING THE
DECISION OF THE BANKRUPTCY COURT**

This matter is presently before the Court on ECP Commercial II LLC's appeal of the bankruptcy court's Opinion and Order Denying Motion for an Order Confirming that No Stay is in Effect or in the Alternative to Prohibit use of Rents and Cash Collateral, entered in this Chapter 11 proceeding on May 8, 2015, and June 24, 2015, respectively. Both sides have filed their appellate briefs. Pursuant to E.D. Mich. LR 7.1(f)(2) and Bankr. Rule 8019(b)(3), the Court shall decide the appeal without a hearing. For the following reasons, the Court shall reverse the decision of the bankruptcy court.

**I.  Background**

The following facts are not in dispute. Debtor-appellee Town Center Flats, LLC (hereafter "debtor" or "appellee") owns a residential townhouse and apartment complex known as the Town Center Flats in Shelby Township, Michigan. Appellant ECP Commercial II LLC

(hereafter "ECP" or "appellant") is the holder of a mortgage and assignment of rents executed by debtor to secure payment of its debt to ECP.[1]

On December 31, 2013, debtor defaulted on its payment obligations to ECP. On December 22, 2014, ECP attempted to exercise its right to collect rents directly from tenants of the Town Center Flats under the parties' "Assignment of Leases and Rents Agreement" (hereafter "Assignment of Rents Agreement") and Mich. Comp. Laws § 554.231. ECP sent a notice of default, as prescribed by the terms and conditions of the mortgage and Assignment of Rents Agreement, and payment instructions to all known tenants of the Town Center Flats. On December 23, 2014, ECP recorded this notice with the Macomb County Register of Deeds. On January 23, 2015, ECP filed a complaint against debtor in the Macomb County Circuit Court asserting, among other claims, breach of contract and foreclosure on the mortgage. On that date, ECP also filed a motion for appointment of a receiver to take possession of the Town Center Flats, including cash collateral.

Before the circuit court heard ECP's motion, debtor filed the instant Chapter 11 petition, triggering the automatic stay. On the petition date, debtor owed ECP $5,329,329.37, plus attorney fees and costs. ECP filed a motion in the bankruptcy court seeking an order confirming that no stay was in effect or, in the alternative, seeking an order prohibiting debtor from using rents and cash collateral. The bankruptcy court denied ECP's motion. This appeal followed.[2]

## II. Standard of Review

"On appeal, a bankruptcy court's findings of fact are reviewed for clear error, while

---

[1] The original loan agreement was between debtor and KeyBank. KeyBank assigned its rights to ECP on September 30, 2013.

[2] In the interim, debtor and ECP have entered into a stipulated cash collateral order under which debtor is able to use the rents but must first pay ECP $15,000 per month.

2

its legal conclusions are reviewed de novo." *In re Allen-Morris*, 523 B.R. 532, 536 (E.D. Mich. 2014).

**III.  Analysis**

Both parties agree this appeal involves only one legal issue with no factual disputes. The question this Court must resolve is whether the bankruptcy court erred as a matter of law in holding that the assigned rents, which ECP perfected pre-petition and enforced following debtor's default, were the property of debtor's bankruptcy estate. Although this appeal involves a seemingly straightforward legal question, the case law in the Bankruptcy Court for the Eastern District of Michigan, as well as elsewhere, is split on this issue.

The Court recognizes that this decision is significant to entities seeking to reorganize "single asset real estate," which the Bankruptcy Code defines as "real property constituting a single property or project other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor[.]"  11 U.S.C.  § 101(51B).  Appellee argues that this Court should affirm the decision of the bankruptcy court because the assigned rents are property of the bankruptcy estate and thus cash collateral, which debtor can use to fund a Chapter 11 reorganization, subject to granting the secured lender adequate protection.  Appellee argues that a contrary ruling will foreclose Chapter 11 relief to entities seeking to reorganize single asset real estate.  On the other hand, appellant argues that this Court is bound by Michigan statutory and property law, which favor enforcement of absolute transfers of assigned rents.  While the Court understands the competing business interests in this case, the Court is bound by Michigan law, which dictates that upon an event of default, an assignment of rents becomes binding on the parties and extinguishes the mortgagor's property interest in the rents such that the rents are not part of the

debtor's estate.

This Court must begin its inquiry by examining Michigan law. "The law of the State where the property is located . . . governs a mortgagee's right to rents during bankruptcy, and a federal bankruptcy court should take whatever steps are necessary to ensure that a mortgagee is afforded in federal bankruptcy court the same protection he would have under state law had no bankruptcy ensued." *See Butner v. United States*, 440 U.S. 48, 49 (1979). In Michigan, the assignment of rents is governed by statute. Mich. Comp. Laws § 554.231 provides:

> **554.231 Assignment of rents to accrue from leases as additional mortgage security.**
>
> Sec. 1.
>
> Hereafter, in or in connection with any mortgage or commercial or industrial property other than an apartment building with less than 6 apartments or any family residence to secure notes, bonds or other fixed obligations, it shall be lawful to assign the rents, or any portion thereof, under any oral or written leases upon the mortgaged property to the mortgagee, as security in addition to the property described in such mortgage. Such assignment of rents shall be binding upon such assignor only in the event of default in the terms and conditions of said mortgage, and shall operate against and be binding upon the occupiers of the premises from the date of filing by the mortgagee in the office of the register of deeds for the county in which the property is located of a notice of default in the terms and conditions of the mortgage and service of a copy of such notice upon the occupiers of the mortgaged premises.[3]

---

[3] Also relevant is § 554.232, which provides:

> Sec. 2.
>
> The assignment of rents, when so made, shall be a good and valid assignment of the rents to accrue under any lease or leases in existence or coming into existence during the period the mortgage is in effect, against the mortgagor or mortgagors or those claiming under or through them from the date of the recording of such

The Michigan Court of Appeals interpreted § 554.231 in *Otis Elevator Co. v. Mid-Am. Realty Inv'rs*, 206 Mich. App. 710 (1994). In that case, Mid-America entered into a mortgage with an assignment of rents provision with Firemen's Insurance Company ("Firemen's"), which Firemen's perfected and enforced upon debtor's default. *Id.* at 711-12. Two years after Mid-America's default, Otis Elevator Company ("Otis") obtained a consent judgment against Mid-America and sought to garnish Mid-America's rent proceeds. *Id.* Thus, the court had to determine the order of priority between Otis (a judgment creditor) and Firemen's (a prior perfected secured creditor) as to the rent proceeds. *Id.* at 712. In interpreting the effect of § 554.231, the court held that "the mortgagor's default is sufficient to finalize the mortgagee's interest in the rents as against the mortgagor." *Id.* at 714. Accordingly, the court found that Firemen's was entitled to the rents because "Otis could not garnish Mid-America's interest in rents because *Mid-America no longer had a valid property interest in the rents after its default on its mortgage* with Firemen's." *Id.* at 714 (emphasis added).

The decision in *Otis Elevator* relied on *In re Mount Pleasant Ltd. P'ship*, 144 B.R. 727 (Bankr. W.D. Mich. 1992), where the Bankruptcy Court for the Western District of Michigan similarly interpreted Mich. Comp. Laws § 554.231. In that case, the court had to determine the relative rights of secured creditors and debtors to an assignment of rents. In deciding whether the Chapter 11 debtor's estate included the assigned rents, the court interpreted § 554.231 to mean that "where the notice and service procedure has been completed, the debtor has lost the legal right to

---

mortgage, and shall be binding upon the tenant under the lease or leases upon service of a copy of the instrument under which the assignment is made, together with notice of default as required by section 1.

5

collect the rents." *Id.* at 734. Thus, the court concluded that under such circumstances, "the rents cease to be property of the estate." *Id.*

Although faced with similar factual circumstances, the bankruptcy court in *In re Newberry Square, Inc.*, 175 B.R. 910 (Bankr. E.D. Mich. 1994) (Shapero, J.), declined to follow the holdings in *Otis Elevator* and *Mount Pleasant*. In *Newberry Square*, the court ruled that rents in a single asset Chapter 11 case constitute cash collateral even when the mortgagee has complied with all necessary requirements to enforce its assignment pre-petition. *Id.* at 915. The reasoning in *Newberry Square* found support within, among other things, the Bankruptcy Code and the Supreme Court's decision in *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983), which found that property seized pre-petition by the IRS to satisfy a pre-petition tax lien was nevertheless property of the estate in a Chapter 11 reorganization. In rejecting *Mount Pleasant*, the *Newberry Square* court noted that "the analysis in *Mount Pleasant* failed to give sufficient weight to the overlay that the Bankruptcy Code (as viewed in *Whiting Pools*) brings to the reorganization process." *Newberry Square*, 175 B.R. at 914. The court also found that *Otis Elevator* "concerned a determination of the relative priority rights of two creditors of the mortgagee, and did not determine the rights as between the mortgagor and mortgagee." *Id.* at 915. The court in that case therefore held that debtors retain an equitable interest in assigned rents, "which by definition makes them property of the estate." *Id.*

The bankruptcy court's decision in the present case relied heavily on its holding from *Newberry Square* by stating that "[a]lthough it has been 20 years since the Court decided *Newberry*, it still believes in its soundness and does not believe there are any subsequent events which might cause it to change its mind." *In re Town Ctr. Flats, LLC*, 531 B.R. 176, 179 (Bankr. E.D. Mich. 2015). The bankruptcy court also found support in, among other things, the statutory text of Mich

Comp. Laws § 554.231, Black's Law Dictionary, and the bankruptcy court's concern that ruling otherwise would "remove[] the possibility that those rents can be utilized incident to proposing and effectuating a Chapter 11 plan." *Id.* at 182. This Court respectfully disagrees.

The *Newberry Square* decision (and therefore the bankruptcy court's decision) is at odds with a number of decisions that have since confronted this issue. In *In re Woodmere Inv'rs Ltd. P'ship*, 178 B.R. 346 (Bankr. S.D.N.Y. 1995), the Bankruptcy Court for the Southern District of New York came to the opposite conclusion after applying Michigan law to a single asset Chapter 11 case. In that case, the court disagreed with *Newberry Square*'s characterization of *Otis Elevator*, finding that "[w]hile it is true that the ultimate issue decided by the Michigan Court of Appeals [in *Otis Elevator*] was the relative rights of two creditors, the court clearly determined that the judgment creditor could not garnish the mortgagor's interests in rents because the mortgagor *no longer has a valid property interest*." *Id.* at 360 (emphasis in original). Moreover, the *Woodmere* court "remain[ed] unconvinced" that *Whiting Pools* was relevant to a dispute over assigned rents because "*Whiting Pools* only applies when ownership of the seized property has not been transferred." *Id.* at 359-60. But because a debtor no longer has any interests in rents when the creditor pre-petition perfects and enforces the assignment of rents after default, the court found *Whiting Pools* inapplicable to these factual circumstances. *Id.* Thus, relying on the reasoning in *Otis Elevator* and *Mount Pleasant*, the court concluded that under Michigan law, "once a creditor has taken requisite steps to enforce the assignment of rents, ownership of the rents is transferred from the mortgagor to mortgagee" such that the rents "do not constitute property of the estate and cannot be used in the Debtor's reorganization." *Id.*

Similarly, a recent decision from the bankruptcy court in this district disagreed with

7

*Newberry Square*, thus creating the current divide in case law on this subject in our district. In *In re Madison Heights Grp., LLC*, 506 B.R. 728 (Bankr. E.D. Mich. 2013) (Tucker, J.), debtor owned and operated an office building financed by a mortgage loan from CB 2011, which included an assignment of rents provision. Upon debtor's default, but before debtor filed for Chapter 11 relief, CB 2011 perfected and enforced its rights under the parties' assignment of rents agreement. In deciding that the assigned rents were not part of the bankruptcy estate, and therefore not cash collateral, the bankruptcy court noted that after reviewing the cases, it was "persuaded that the correct view was that taken in the *Woodmere* and *Mt. Pleasant* cases" and not that in *Newberry Square*. *Id.* at 731. The court stated that it was "particularly persuaded by the reasoning of the *Woodmere* case, including that court's view of the significance of the Michigan Court of Appeals decision in *Otis Elevator*[.]" *Id.* Further, the court rejected *Newberry Square*'s characterization of debtor's interest in the rents as equitable, noting that any equitable interest the debtor has to the assigned rents is only a future interest in rents "until the mortgage is redeemed by the Debtor, or the mortgage debt is fully satisfied, at which point the ownership of rents revests in the Debtor." *Id.*

The Court is persuaded that the decisions in *Mount Pleasant*, *Woodmere*, and *Madison Heights* reflect the correct outcome on this issue. The Court is particularly persuaded by the reasoning in *Woodmere* and *Madison Heights*, which gave proper consideration to the holding in *Otis Elevator*. Recent decisions from the Michigan Court of Appeals demonstrate that the court continues to cite and rely on *Otis Elevator*. *See Bioresource, Inc. v. City of Detroit*, 2010 WL 935647, at *4 (Mich. Ct. App. Mar. 16, 2010) (quoting *Otis Elevator* as authority and holding that "under the plain language of [§ 554.231] the assignment of rents to Oppmac became binding upon [debtor Bioresource's] default on the mortgage"); *7800 W. Outer Rd. Holdings, L.L.C. v. Coll. Park*

*Partners, L.L.C.*, 2012 WL 2402010, at *2 (Mich. App. Ct. June 26, 2012) (quoting *Otis Elevator* as authority). Unlike the bankruptcy court, this Court is persuaded that *Otis Elevator* is applicable to the instant dispute for the reasons articulated in *Woodmere* and *Madison Heights*. Because "[t]he law of the State where the property is located . . . governs a mortgagee's right to rents during bankruptcy," *Butner*, *supra*, the bankruptcy court erred when it declined to apply *Otis Elevator* to the instant dispute between ECP and Town Center Flats.

While the Court finds that the decision in *Otis Elevator* (and subsequent decisions relying on *Otis Elevator*) make clear the status of Michigan law on the issue of assigned rents, the Court notes that the recent decision in *Ashley Livonia A&P, L.L.C. v. Great Atl. & Pac. Tea Co., Inc.*, 2015 WL 3757546 (Mich. Ct. App. June 16, 2015), which was decided one month after the bankruptcy court's decision, further supports the Court's conclusion. *Ashley Livonia* involved a dispute over who was entitled to rents and a security deposit held in escrow. Before filing for bankruptcy relief, debtor Borman's Inc. sublet its leased warehouse, which was owned by Ashley, to Mastronardi Produce–USA, Inc. GE had provided a long-term loan to cover renovations at the warehouse, and loan payments were made by Borman's as part of its lease agreement with Ashley. GE's agreement with Borman's was properly perfected and stated that GE was "irrevocably entitled to receive the tenant loan rent" identified in the lease agreement between Ashley and Borman's. *Id.* at *4.

Anticipating a dispute over Mastronardi's rent and security deposit payments, the parties placed these funds in escrow. When Borman's emerged from bankruptcy, the various parties asserted entitlement to the escrowed funds. Borman's argued that these funds were assets of the bankruptcy estate that were included in the bankruptcy discharge and reorganization plan. Ashley

and GE disagreed. Because "Borman's argument hinged on the inclusion of the disputed funds in the bankruptcy estate," the court noted that it must "first resolve whether the disputed payments were subject to inclusion in Borman's bankruptcy estate." *Id.* at *2.

Borman's breached its lease with Ashley in June 2010 and was evicted in August 2010. Thereafter, GE issued a notice of default in October 2010, instructing Mastronardi to remit rent payments to GE, which satisfied the statutory conditions of Mich Comp. Laws. § 554.232. Citing *Otis Elevator* and *Mount Pleasant*, the Michigan Court of Appeals held that "[i]n accordance with the assignment and statutory provision, Borman's interest in the rents terminated upon completion of the notice and service requirement by GE." *Id.* Thus, "[b]ecause GE's assignment of rents was perfected following the default, Borman's lost any right to collect the rents." *Id.* at *5. Accordingly, the court held that the escrowed funds belonged to GE and were not part of Borman's bankruptcy estate.

The decision in *Ashley Livonia* further supports this Court's conclusion that the bankruptcy court erred when it disregarded *Otis Elevator*. The bankruptcy court's analysis need not have reached beyond *Otis Elevator*, because *Butner* mandates that *state law* govern a mortgagee's right to rents during bankruptcy. The relevant state law is reflected in *Otis Elevator* and controls the analysis in this matter.

## IV.  Conclusion

The decision of the bankruptcy court must be vacated because it did not give proper deference to *Otis Elevator*. The Court holds that when a mortgagee perfects and enforces an assignment of rents pre-petition and after an event of default, the mortgagor no longer has a valid property interest in the rents. As such, these rents are not part of the bankruptcy estate and therefore

are not cash collateral. Accordingly,

IT IS ORDERED that the bankruptcy court's Opinion and Order Denying Motion for an Order Confirming that No Stay is in Effect or in the Alternative to Prohibit use of Rents and Cash Collateral is vacated. This matter is remanded to the bankruptcy court for further proceedings in accordance with this opinion.

\_\_s/ Bernard A. Friedman\_\_\_\_
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 30, 2016
      Detroit, Michigan